**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **NFN DECHEN** | **CASE NO.  3:25-CV-02000 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LISA BOWEN ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**JUDGMENT**

Upon considering the Report and Recommendation of the Magistrate Judge [Doc. No. 19], noting no objections filed thereto, and after an independent review of the record, agreeing with the Magistrate Judge's findings of fact and conclusions of law in part,

The Court would like to address Petitioner Dechen's ("Dechen") due process argument in greater detail. Dechen, a citizen of China and born in Tibet, came to the United States in September 2006, where she was immediately detained by Immigration Customs and Enforcement and ordered removed once her application for asylum was denied.[1] Dechen was subsequently released by ICE on an Order of Supervision ("OSUP").[2] Dechen challenges the legality of the revocation of her OSUP and re-detention under the Fifth Amendment's due process, both procedural and substantive; specifically, she argues that ICE violated her due process rights by failing to follow its own regulations governing the revocation of an OSUP.[3]

---

[1] [Doc. No. 1, p. 1 at ¶ 2].
[2] [Id. at ¶ 3].
[3] [Id., p. 2 at ¶ 6].

An OSUP allows ICE to release a detainee on a supervisory basis after concluding that immediate deportation is not practicable, and that the detainee is non-violent, likely to remain non-violent, not likely to pose a threat to the community, not likely to violate conditions of release, and not a significant flight risk. 8 C.F.R. § 241.4(e); *see also id.* § 241.4(h)(3), (i)(6) (noting that the Executive Associate Commissioner and district director "must [also] be able to reach the conclusions set forth in paragraph (e) of this section" "[b]efore making any decision to release a detainee"). Additional factors for consideration of supervised release include, among others, criminal history and evidence of either recidivism or rehabilitation, family ties to the United States, and the detainee's likelihood of adjusting to life in community. *Id.* § 241.4(f).

After Dechen was released from ICE custody under an OSUP, the revocation of her OSUP had to follow the detailed regulations under 8 C.F.R. § 241.13(i). An OSUP may be revoked if the noncitizen violates any of the conditions of release, which the Respondents concede Dechen had not done.[4] *See id.* § 241.13(i)(1). Therefore, the only other way Dechen's OSUP may be revoked to enforce a removal order is when, "on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). When an OSUP is revoked, the noncitizen must "be notified of the reasons for revocation of his or her release" and must be afforded an "initial informal interview promptly after his or her return to Service custody to afford the

---

[4] [Id.]; [Doc. No. 16, p. 6].

alien an opportunity to respond to the reasons for revocation stated in the notification." *Id.* § 241.13(i)(3). The alien may present any evidence to demonstrate there is no significant likelihood they will be removed in the reasonably foreseeable future, or that they have not violated the order of supervision. *Id.* "The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.*

Here, the Court agrees with the Report and Recommendation of the Magistrate Judge [Doc. No. 19] and finds Respondents violated the regulations concerning how and when Dechen's OSUP could be revoked. Dechen was released on an OSUP on November 14, 2007, allegedly because the Chinese government refused to issue her travel documents.[5] Respondents re-detained Dechen without any advance notice or warning on July 15, 2025, and the Notice of Revocation was received by Dechen on July 17, 2025, two days *after* she was detained.[6]

The Notice of Revocation of Release states Dechen's OSUP was revoked because of "a determination that there are changed circumstances in your case, specifically that ICE has procured a travel document on your behalf and your removal is now imminent."[7] First, Respondents cannot prove Dechen's removal is imminent. Imminent is defined as "happening soon" or "ready to take place."[8] Dechen's OSUP was revoked, and she was placed in immigration detention almost eleven months ago;

---

[5] [Doc. No. 1, p. 1 at ¶ 3]; [Doc. No. 16-1, p. 1, at ¶ 6].
[6] [Doc. No. 1, p. 2 at ¶ 6]; [Doc. No. 16, p. 9]; [Doc. No. 16-1, pp. 3–4].
[7] [Doc. No. 16-1, p. 3].
[8] *Imminent*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/imminent.

still, her removal has yet to be executed—a far cry from the "imminent removal" Respondents claimed in the notice of revocation, and almost double the presumptively reasonable period of post-removal-order detention under *Zadvydas*.[9] Respondents seem to agree that removal is not imminent as they concede in their opposition that "[u]nfortunately, no alternative country has been identified yet[,] but there still are outstanding requests in both Nepal and China."[10] This fails to tip the scales in Respondents' favor as Nepal has since declined the Respondents' request for a travel document.[11] Moreover, while Dechen was ordered removed to Tibet, China controls all travel to Tibet, and the "Chinese government has historically not accepted deportees from the United States." *Yang v. Kaiser*, No. 25-CV-2205, 2025 WL 2791778, at *5 (E.D. Cal. Aug. 20, 2025).[12] Respondents have not provided any details to show why obtaining a travel document for Dechen is likely, especially after the ERO's requests for guidance on Dechen's removal have gone ignored.[13]  At the time of this ruling, an ICE Assistant Field Office Director's statement, dated April 2, 2026, seems to confirm Dechen's removal is not imminent as the "ERO continues to work with Headquarters and the Department of State to identify an alternative country for removal."[14]

---

[9] Dechen does not appear to raise a traditional *Zadvydas* caselaw claim but rather relies on the Government's alleged regulatory and statutory violation to argue her removal is not reasonably foreseeable.

[10] [Doc. No. 16, p. 6].

[11] [Doc. No. 16-1, p. 2 at ¶ 14].

[12] JILL H. WILSON, CONG. RSCH. SERV., IF11025, Immigration: "Recalcitrant" Countries and the Use of Visa Sanctions to Encourage Cooperation with Alien Removals (Updated Feb. 1, 2019) (China is listed as a country that systematically refuses or delays the repatriation of its citizens).

[13] [Doc. No. 16-1, p. 2 at ¶ 16].

[14] [Id. at ¶ 20].

Accordingly, the Court finds the Respondents' mere conclusory statements fail to meet its burden to show there is a significant likelihood of Dechen's removal. *See Abuelhawa v. Noem*, 811 F.Supp.3d 847, 860–61 (S.D. Tex. Oct. 16, 2025) (bald assertions from ERO headquarters and a deportation officer that there was a significant likelihood of removal without account of changed circumstances needed under § 241.13(i)(2) violated procedural due process).

Second, even if Respondents could argue removal is imminent (which the Court finds they cannot), "[t]he changed circumstances that make an [noncitizen]'s removal likely in the foreseeable future must have *existed at or before the OSUP revocation*; post-hoc justifications are inadequate." *Rodriguez Romero v. Ladwig*, No. 25-cv-1106, 2026 WL 321437, at *5 (M.D. La Feb. 6, 2026) (emphasis added) (internal quotations and citations omitted). While the notice of revocation stated that a travel document for Dechen was secured at the time of Dechen's re-arrest, this is simply not true. The declaration from ICE's Assistant Field Director, Charles Ward, fails to show there was a travel document secured for Dechen prior to her re-arrest.[15] The declaration confirms no travel document was secured at the time of her OSUP revocation because it states the "ERO sent a call out for [Dechen's] travel documents applications" on or about September 2, 2025, seven weeks after her re-arrest.[16] Accordingly, Respondents violated Dechen's right to procedural due process when it revoked her OSUP without the changed circumstances needed under § 241.13(i)(2), specifically relying on a false statement that a travel document was secured on Dechen's behalf.

---

[15] [Doc. No. 16-1, pp. 1–2].
[16] [Id. at p. 2].

**IT IS ORDERED**, **ADJUDGED**, **AND DECREED** that Petitioner NFN Dechen's Writ of Habeas Corpus [Doc. No. 1] is **GRANTED** on the basis of her procedural due process claim. Respondents, including the warden of Richwood Correctional Center, shall (A) release Dechen as quickly as reasonably possible from custody in accordance only with any terms and conditions of her prior OSUP without any additional bond requirements or new conditions and (B) notify Petitioner's counsel of the exact location and time of her release no less than two hours before her release.

**IT IS FURTHER ORDERED**, **ADJUDGED**, **AND DECREED** that Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless and until she receives pre-deprivation process, including: (I) meaningful advance notice of the intent to re-detain her; and (II) a hearing at a meaningful time which shall also provide Petitioner a meaningful opportunity to respond to any of the Government's contentions concerning re-detention before detaining her again.

**IT IS FURTHER ORDERED** that Respondents shall, within **24 hours** after Petitioner's release, file a status report confirming her release via the following email: doughty_motions@lawd.uscourts.gov.

**IT IS FURTHER ORDERED** that Petitioner's request for attorneys' fees under the Equal Access to Justice Act is **DENIED**.

MONROE, LOUISIANA, this 2nd day of June 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

Page **6** of **6**